UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERICA NEWMAN, individually, and on behalf of all other consumers,<br>Plaintiff,<br>vs.<br>FALONI LAW GROUP LLC.,<br>Defendant. | Case No.: 2:25-cv-17761<br><br>FIRST AMENDED COMPLAINT |

Plaintiff, Erica Newman (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times—i.e. during the times she was improperly sued, has resided in Hudson County, New Jersey.

5. Defendant Faloni Law Group, LLC ("Defendant"), is a corporation that regularly conducts business in New Jersey. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. On or about November 2025, Defendant filed a lawsuit against Plaintiff for a debt incurred from the purchase of household items through a credit card debt with Capital One Bank.

7. Plaintiff opened the credit card over a decade ago, while living in New York.

8. All charges incurred by the credit card were made in New York, or while Plaintiff resided in New York.

9. Plaintiff's last payment on said card was in January 2022.

10. New York has a three-year statute of limitations on the debt at issue.

11. Accordingly, Defendant could not file suit past January 2025.

12. Years after her last payment, Plaintiff moved from New York to New Jersey.

13. Defendant jumped at this opportunity. By misrepresenting Plaintiff's debt, as a debt subject to New Jersey's six-year statute of limitations, Defendant filed suit

against Plaintiff in November 2025. Defendant however knew that Plaintiff's debt had nothing to do with New Jersey whatsoever.

14. The debt was beyond the statute of limitations at the time the suit was filed.

15. Defendant never advised Plaintiff or the Court that the debt was beyond the statute of limitations.

16. The receipt of the lawsuit imposed undue stress on Plaintiff.

17. As a result of the lawsuit, Plaintiff felt obligated to pay the debt to avoid a judgment on a legally uncollectable debt.

## CLASS ACTION ALLEGATIONS

### The Class

18. Plaintiff brings this as a class action.

19. Plaintiff seeks certification of the class, initially defined as follows:

> All consumers within the United States that were sued for debts past the statute of limitations.

20. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

21. Upon information and belief, Defendant has engaged in the same course of conduct, each of which violates consumer protection laws. The members of the

Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**Common Questions of Law and Fact**

23. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant is liable for any cause of action herein alleged; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

**Typicality**

24. The Plaintiff's claims are typical of the claims of the Class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein.

Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

**Protecting the Interests of the Class Members**

25. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

26. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

27. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

28. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

29. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

30. Certification of a class is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

32. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

33. Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff realleges the above paragraphs as if recited specifically as set forth at length herein.

35. Defendant's false representations and harassment concerning the suit of a debt past the statute of limitations violates 15 U.S.C. §§ 1692d, e, e(2), e(10), and f.

WHEREFORE, PLAINTIFF PRAYS that this court do the following:

(1) Certify the class as described herein;

(2) Appoint Plaintiff as Lead Plaintiff;

(3) Appoint Zemel Law as lead counsel;

(4) Award statutory and actual damages;

(5) Award attorney's fees and costs.

**JURY TRIAL DEMAND**

36. Plaintiff demands a jury trial on all issues so triable.

Dated: October 14, 2026

Respectfully Submitted,

*Daniel Zemel, Esq.*

Daniel Zemel
ZEMEL LAW, LLC
660 Broadway
Paterson, New Jersey 07632
T: (862) 227-3106

F: (973) 282-8603
dz@zemellawllc.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Daniel Zemel, herein certify that this document was served upon counsel for Defendant, on October 14, 2026 via the Court's electronica filing system.

/s/ Daniel Zemel